UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL ELAINE LEWIS,

                    Plaintiff,

        -against-

OSBOURNE ASSOCIATION,

                    Defendant.

26-CV-0270 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that her employer discriminated against her based on her sex and race. By order dated January 21, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] By order dated March 6, 2026, Judge Louis L. Stanton dismissed the original complaint, with 30 days' leave to replead. (ECF 6.) Plaintiff did not file an amended complaint within the prescribed time, and the Clerk of Court entered judgment dismissing the action on April 23, 2026. (ECF 7.) On May 8, 2026, Plaintiff filed a motion to reopen the case, along with an amended complaint. By order dated May 26, 2026, Judge Stanton construed as a motion under Rule 59(e) of the Federal Rules of Civil Procedure, granted it, and directed the Clerk of Court to vacate the judgment and reopen this action for further proceedings. (ECF 11.) The action was subsequently reassigned to the undersigned. The amended complaint (ECF 10) is the operative pleading.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the Court reviewed the amended complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Osbourne Association through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is directed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    June 23, 2026
          New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2

**SERVICE ADDRESS FOR DEFENDANT**

Osbourne Association
809 Westchester Avenue
Bronx, NY 10455